IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

KONICA MINOLTA BUSINESS
SOLUTIONS U.S.A., INC.,

        Plaintiff,

        v.

TERESA NATOLI,

        Defendant.

17cv1611
ELECTRONICALLY FILED

## MEMORANDUM OPINION ON PRELIMINARY INJUNCTION

### I. Background

This matter is an injunction case seeking the enforcement of the Confidential Information and Employment Agreement ("Employment Agreement") of Plaintiff Konica Minolta Business Solutions U.S.A., Inc. ["KMBS"]. The Employment Agreement has standard non-disclosure/non-misuse/non-misappropriation of confidential information provisions, and standard covenant-not-to-compete (both customer-based and geographical-based). Plaintiff contends that its former employee, Defendant Teresa Natoli, has and is violating the terms of the Employment Agreement, in her new employment with its competitor, Canon Solutions America, Inc. ("Canon").

### II. Scheduling Orders of Court

On December 14, 2017, the Court entered the following Scheduling Order of Court (doc. no. 7):

> AND NOW, this 14th day of December, 2017, in light of Plaintiff's Motion for Preliminary Injunction (doc. no. 3), it is hereby ORDERED that:

1. Hearing and argument on Plaintiff's Motion for Preliminary Injunction shall take place on Friday, January 19, 2018, at 9:00 AM, in Courtroom 7C.

2. Plaintiff must promptly serve this Order and all pleadings filed in this case, to date, upon Defendant, and file affidavit(s) of service upon completion of service.

3. Plaintiff shall file additional supporting affidavits (if any) by 12:00 PM (noon), on Friday, December 22, 2017.

4. Defendants shall file an Answer and appropriate Response to the Motion for Preliminary Injunction ([doc. no. 3](doc. no. 3)) (with counter-affidavit(s)) by 12:00 PM (noon), on Thursday, January 4, 2018.

5. The Parties shall file the required Rule 26(f) Report on or before 12:00 PM (noon), on Thursday, January 4, 2018.

6. The Parties shall exchange the information required by [Federal Rule of Civil Procedure 26(a)(1)](Federal Rule of Civil Procedure 26(a)(1)) on or before 4:00 PM, on Thursday, January 4, 2018.

7. The Parties shall exchange all documents/information relevant to Plaintiff's Motion and/or Defendants' Response on or before 4:00 PM, on Thursday, January 4, 2018.

8. All Parties (including any third party served with this Order) shall preserve all relevant documents/information, including ESI.

9. The Parties shall engage in limited discovery to be completed Friday, January 12, 2018.

10. Plaintiff and Defendants may take up to ten (10) hours of depositions on or before Friday, January 12, 2018. Any depositions shall be scheduled so that the Party taking the deposition alternates (i.e. Plaintiff takes a deposition; Defendant takes a deposition, etc.), unless otherwise agreed to by counsel.

11. All depositions shall occur in Pittsburgh, Pennsylvania, unless otherwise agreed to by counsel.

12. The Parties are directed to Alternative Dispute Resolution with mediator Louis B. Kushner, on Tuesday, January 16, 2018. See LCvR 16.2. Plaintiff and Defendants shall each pay 50% of the fees and costs for mediation.

13. The Parties are directed to file an appropriate ADR Stipulation by 12:00 PM (noon), on Thursday, January 4, 2018.

14. At the preliminary injunction hearing on Friday, January 19, 2018, at 9:00 AM, each Party shall have up to fifteen (15) minutes to present opening arguments.

> All direct testimony shall be by the affidavits previously filed. Each Party shall have up to two (2) hours to present testimony by cross-examination and rebuttal. Each Party shall have up to fifteen (15) minutes to present closing arguments.

On January 8, 2018, the Court entered the following amendment to the Scheduling Order of Court (doc. no. 35):

> Upon Plaintiff's motion, Doc. No. 23, and for good cause shown, it is hereby ORDERED that Plaintiff's Motion to Amend Scheduling Order is GRANTED.
>
> IT IS FURTHER ORDERED THAT the December 14, 2017 Scheduling Order, Doc. No. 7, of the Court is amended as follows:
> Following the close of limited discovery, any supplemental and/or additional affidavits and supporting documents to be included in the preliminary hearing record must be submitted by Wednesday, January 17, 2018 by 12:00 PM (noon). <u>Such filings shall not exceed fifteen (15) pages per side.</u>
>
> All other provisions, deadlines, and dates contained in the December 14, 2017 Scheduling Order, Doc. No. 7, shall remain in full effect and force.

In compliance with the Scheduling Orders of Court, the parties have filed extensive briefs and affidavits and conducted extensive discovery. The mediation efforts were unsuccessful (doc. no. 48).

### III. The Failed Settlement

On January 19, 2018, the Court began the scheduled preliminary injunction hearing after ruling on several discovery disputes between the parties in the days leading up to the scheduled hearing. Doc. Nos. 7; 40; 42; 53; and 62. After Counsel entered their appearances, Counsel for Plaintiff informed the Court that the Parties had reached a settlement regarding the issue of a permanent injunction and all other matters at issue in the case, including settlement terms with Defendant's new employer, Canon. Transcript of hearing, Doc. No. 65, pp. 3-4.

Out of concern that the settlement would "crater," the Court directed the Parties, including inside corporate counsel for Canon who was summoned by Defense Counsel to the

3

hearing, to place the terms of the settlement agreement on the record, in sufficient detail to be enforced should the settlement "crater." Doc. No. 65, pp. 3-5. (The Court: " . . . since always we have the risk that this will crater, I think we need to get the terms on the record and an agreement to it on the record because I don't want to find next Wednesday that this thing has cratered[.]") As Plaintiff's Counsel was reciting the terms of the agreement, the Court directed the Parties to go out into the hallway, discuss some of the terms that seemed ambiguous, and return when ready to place terms on the record that would be sufficient to enforce the settlement agreement. Doc. No. 65, pp. 13-14.

The Court swore the Defendant, and Defendant and Defense Counsel agreed that the recited terms were the terms of the settlement agreement between the Parties. Inside corporate counsel for Canon also stated her agreement to the terms on the record. Doc. No. 65, pp. 14-15. The terms of the settlement agreement included filing a consent order with the Court by "the close of business next Tuesday, January 23rd[.]" Doc. No. 65, p. 11.

As predicted by the Court, in light of the animosity between the Parties that has been apparent throughout this case, the settlement cratered after the Court granted two extensions of time for the Parties to file the consent order. Doc. Nos. 67; 72. On January 29, 2018, Plaintiff filed a Motion to Enforce Terms of Agreement Entered On Record Before the Court, Doc. No. 71, attaching the Transcript of the January 19, 2018 Hearing, a proposed consent order, and a proposed enforcement order.

Defendant then filed a Motion to Strike the transcript and proposed orders filed by Plaintiff, arguing, *inter alia*, that the transcript should be sealed because the settlement terms were intended to be "confidential." Doc. No. 75. In light of the fact that the terms of the settlement agreement were set forth in open court, the Court denied Defendant's Motion to

4

Strike.  Doc. No. 76 ("no counsel and no party requested that the terms of the settlement agreement be placed under seal, nor that the transcript thereof be placed under seal.")

Thereafter, Defendant was ordered to file "a proposed Settlement Agreement and/or Consent Decree that embodies the settlement terms which Defendant contends constitute the settlement reached between the Parties on January 19, 2018, . . . together with a chart, paragraph by paragraph, comparing Defendant's proposed Settlement Agreement and/or Consent Decree with Plaintiff's proposed Consent Decree attached as document 71-2, filed on January 29, 2018." Text Order at Doc. No. 77.  Defendant filed the proposed Settlement Agreement as ordered on January 31, 2018.  Doc. No. 78.

Although the Court believes the record as set forth in the Transcript is sufficient to enforce the terms of the settlement agreement as set forth in Plaintiff's proposed consent order, out of an abundance of caution, the Court will DENY the Motion to Enforce, doc. no. 71, and will enter an order for preliminary injunction based upon the affidavits and evidence already presented to the Court, as set forth below, and will schedule a hearing on permanent injunction for March 23, 2018.

### IV. Legal Standards and Discussion

Consistent with the applicable standard of review, and after preliminary injunction hearing with live witnesses, and review of the extensive affidavits, the Court has carefully considered the following four factors: (1) the likelihood that the moving party will succeed on the merits; (2) the extent to which the moving party will suffer irreparable harm without injunctive relief; (3) the extent to which the moving party will suffer irreparable harm if the injunction is issued; and (4) the public interest.  *McNeil Nutritionals, LLC v. Hearland*

5

*Sweeteners, LLC.*, 511 F.3d 350, 356 (3d Cir. 2007); *S.I. Handling Sys., Inc. v. Heisley*, 753 F.2d 1244, 1254 (3d Cir. 1985).

As to the first factor, the Court finds that Plaintiff has demonstrated a substantial likelihood of success on the merits of its claim for enforcement of its covenant-not-to-compete and non-disclosure/non-misuse/non-misappropriation of confidential information provisions. Simply put, the applicable confidential information provisions and the covenant-not-to-compete limitations in the Employment Agreement (doc. no. 1-1) are enforceable under New York and Pennsylvania law, and are adequately supported by customer goodwill and confidential information - both worthy of protection. *See Johnson Controls, Inc. v. A.P.T. Critical Systems, Inc.*, 323 F. Supp. 2d 525 (S.D.N.Y. 2004) (under New York law, an employer has a legitimate interest in protecting, through agreement with employee, client relationships developed by an employee at the employer's expense.) (*citing Purchasing Associates, Inc. v. Weitz*, 196 N.E.2d 245 (N.Y. 1963); and *Morgan's Home Equipment Corp. v. Martucci*, 136 A.2d 838, 843 (Pa. 1957).

Furthermore, as to the second, third and fourth factors relating to the relative irreparable harm, and public interest, the Court finds that a preliminary injunction in Plaintiff's favor is necessary to prevent immediate irreparable harm to the value of Plaintiff's confidential information and customer goodwill, and any potential for harm to Defendant can be insured against by the posting of a substantial bond.

        s/ Arthur J. Schwab
        Arthur J. Schwab
        United States District Court Judge

cc: All ECF Counsel of Record