IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

KONICA MINOLTA BUSINESS
SOLUTIONS U.S.A., INC.,

       Plaintiff,

       v.

TERESA NATOLI and CANON
SOLUTIONS AMERICA, INC.,

       Defendants.

17cv1611

ELECTRONICALLY FILED

## MEMORANDUM ORDER DENYING
## CERTIFICATION FOR INTERLOCUTORY APPEAL

This matter is a straightforward injunction case seeking enforcement of the Confidential Information and Employment Agreement ("Employment Agreement") between Plaintiff Konica Minolta Business Solutions U.S.A., Inc. ("KMBS") and its former employee, Defendant Teresa Natoli ("Natoli"), and seeking damages from Natoli and her new employer, Defendant Canon Solutions America, Inc. ("Canon"), for breaches of Natoli's obligations under the Employment Agreement, misappropriation of trade secrets, civil conspiracy, unfair competition, unjust enrichment, violation of the Computer Fraud and Abuse Act, and tortious interference with contract. First Amended Complaint, Doc. No. 95.[1] Now pending before the Court is Defendants' Motion to Certify Order for Interlocutory Appeal and Staying Further Proceedings in this Action Pending Appeal. Doc. No. 100. For the reasons that follow, Defendants' Motion will be DENIED.

---

[1] KMBS also seeks injunctive relief against Canon for misappropriation of trade secrets and seeks to enjoin Canon from employing Natoli in any capacity that violates her Employment Agreement with KMBS within the specified geographic area for a period of one year.

## I.     Introduction and Procedural History

On January 19, 2018 (prior to KMBS filing the Amended Complaint and adding Canon as a Defendant), the Court began a scheduled preliminary injunction hearing, but was informed by Counsel that the Parties had reached a settlement of all matters at issue in the case, including settlement terms with Natoli's new employer, Canon, that would preclude KMBS from filing a lawsuit against Canon.  Transcript of hearing, Doc. No. 65, pp. 3-4.

Out of concern that the settlement agreement would "crater," the Court directed the Parties, including inside corporate counsel for Canon who was summoned by Natoli's Defense Counsel to the hearing, to place the terms of the settlement agreement on the record, in sufficient detail to be enforced should the settlement "crater."  Doc. No. 65, pp. 3-5.  ("The Court:  ' . . . since always we have the risk that this will crater, I think we need to get the terms on the record and an agreement to it on the record because I don't want to find next Wednesday that this thing has cratered[.]'"").

As KMBS's Counsel was reciting the terms of the agreement, the Court directed the Parties to go out into the hallway, discuss some of the terms that seemed ambiguous, and return when ready to place terms on the record that would be sufficient to enforce the settlement agreement.  Doc. No. 65, pp. 13-14.  The Court swore Natoli, and Natoli and Defense Counsel agreed that the recited terms were the terms of the settlement agreement between the Parties.  Inside corporate counsel for Canon also stated her agreement to the terms on the record.  Doc. No. 65, pp. 14-15.  The terms included filing a consent order with the Court by "the close of business next Tuesday, January 23rd[.]"  Doc. No. 65, p. 11.

As predicted by the Court, in light of the animosity between the Parties that was made apparent to the Court through the filing of several pre-hearing motions, the settlement cratered, after the Court granted two extensions of time for the Parties to file the consent order. Doc. Nos. 67; 72. On January 29, 2018, KMBS filed a Motion to Enforce Terms of Agreement Entered on Record Before the Court, attaching the transcript of the January 19, 2018 hearing, a proposed consent order, and a proposed enforcement order. Doc. No. 71 and attachments.

Natoli then filed a Motion to Strike the transcript and proposed orders filed by KMBS, arguing, *inter alia*, that the transcript should be sealed because the settlement terms were intended to be "confidential." Doc. No. 75. However, because the settlement terms were set forth in open court, the Court denied Natoli's Motion to Strike. Doc. No. 76 ("no counsel and no party requested that the terms of the settlement agreement be placed under seal, nor that the transcript thereof be placed under seal.")

Thereafter, Natoli was ordered to file "a proposed Settlement Agreement and/or Consent Decree that embodies the settlement terms which Defendant contends constitute the settlement reached between the Parties on January 19, 2018, . . . together with a chart, paragraph by paragraph, comparing Defendant's proposed Settlement Agreement and/or Consent Decree with Plaintiff's proposed Consent Decree attached as [doc. no. 71-2], filed on January 29, 2018." Text Order at Doc. No. 77. Natoli filed the proposed Settlement Agreement as ordered on January 31, 2018. Doc. No. 78.

The Court reviewed the respective proposals from each Party and determined that no settlement of the action had been reached, because there was no evidence of mutual assent as to more than one of the essential terms placed on the record during the January 19, 2018 hearing. Doc. No. 79 (Memorandum Order denying KMBS's Motion to Enforce Terms of Agreement

Entered On Record Before the Court, doc. no. 71, and granting KMBS's Motion for Preliminary Injunction, doc. no. 3. The Court entered a Preliminary Injunction against Natoli and set a hearing for Permanent Injunction for March 23, 2018. Doc. No. 79, Doc. No. 81, and Doc. No. 82.

After opposing KMBS's Motion to Enforce Terms of Agreement Entered On Record Before the Court, Natoli then filed a Motion to Enforce Settlement Agreement Read Into Court Record. Doc. No. 89. The Court denied Natoli's Motion, again citing the lack of a "meeting of the minds" regarding more than one of the essential terms of the agreement that had been placed on the record. Doc. No. 92 (Text Order). The Court also permitted KMBS to amend its complaint, and KMBS filed an Amended Complaint stating additional claims against Canon, Natoli's new employer. Doc. No. 92 and Doc. No. 95.

Defendants now ask the Court to certify the February 9, 2018 Text Order, Doc. No. 92, for interlocutory appeal and to stay further proceedings in the case pending their appeal. Doc. No. 100.

## II.    Legal Standard

As a general rule, federal courts of appeal have jurisdiction to review only "final decisions of the district courts." 28 U.S.C. § 1291. In rare exceptions, the district judge may certify for appeal an interlocutory order not otherwise appealable. 28 U.S.C. § 1292(b). Certification of an interlocutory order for appeal is only appropriate if the order "involves a controlling question of law as to which there is substantial ground for difference of opinion and [] an immediate appeal from the order may materially advance the ultimate termination of the litigation[.]" *Id.* The party seeking interlocutory appeal bears the burden of proving that the

three factors of Section 1292(b) are met, but the decision to grant certification is wholly within the discretion of the district court.  *Bachowski v. Usery*, 545 F.2d 363, 368 (3d Cir. 1976).

Interlocutory appeals are strongly disfavored because they undermine judicial efficiency and the district court's role in managing litigation, and the § 1292(b) exception should only be used in rare cases.  *Mohawk Indus. Inv. v. Carpenter*, 558 U.S. 100, 106 (2009).

### III.    Discussion

Defendants argue that this case is "one of those 'exceptional cases'" for which an interlocutory appeal is appropriate; however, the Order at issue does not involve a controlling question of law.  Rather, the Order relates to a purely factual issue decided by the district court - - whether or not the Parties settled the case.  Doc. No. 92.

The United States Court of Appeals for the Third Circuit has held that Section 1292(b) is "not designed for review of factual matters[.]"  *Link v. Mercedes-Benz of N. Am., Inc.*, 550 F.2d 860 (3d Cir. 1977).  The question of whether a binding settlement agreement exists is a question of fact, not law.  *See In re Flat Glass Antitrust Litig.*, 2013 WL 136472 at *3 (W.D. Pa. Jan. 10, 2013) (denying request for interlocutory appeal).

The Court has determined, based upon the facts before it, that no settlement agreement was reached at the January 19, 2018 hearing.  Doc. Nos. 79 and 92.  There is no question of controlling law at issue for which an interlocutory appeal is appropriate.  Although a determination that a settlement agreement was reached would end the litigation between the Parties, that factor alone is insufficient to disrupt the general rule that a party must wait for a final judgment before it may appeal an order of a district court.  *See Digital Equipment Corp. v. Desktop Direct, Inc.*, 511 U.S. 863 (1994) (analyzing Section 1291 final decision rule after district court rescinded a settlement agreement).

As Defendants argue, it is true that *both* Parties have "decisively acknowledged that this case was settled on January 19, 2018" - - citing Plaintiff's Motion to Enforce, doc. no. 71, which Defendant opposed.  Doc. No. 101.  The evidence before the Court, and the Parties' competing motions to enforce different settlement terms that each believe were reached, belie any assertion that the requisite "meeting of the minds" on the settlement terms was reached.

## IV.     Conclusion

Defendants' Motion to Certify Order for Interlocutory Appeal and Staying Further Proceedings in this Action Pending Appeal, Doc. No. 100, is DENIED.

SO ORDERED, this 22nd day of February, 2018,

s/Arthur J. Schwab_____
Arthur J. Schwab
United States District Judge


cc:     All ECF Registered Counsel of Record